UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-10934-CBM-MAR**                    Date: April 21, 2026

Title:   *Edward Macklin v. People of the State of California*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:   (In Chambers) ORDER TO SHOW CAUSE RE: WHY THIS ACTION SHOULD NOT BE DISMISSED

**I.**
**BACKGROUND**

On October 20, 2025, Petitioner Edward Macklin ("Petitioner"), proceeding pro se, filed a habeas petition. ECF Docket No. ("Dkt.") 1. Petitioner appears to challenge a conviction in Santa Barabara Superior Court somewhere between the years of 2022–25. Dkt. 1 at 2. Petitioner repeatedly asserts claims for "rights to due process, rights to reasonable accommodation, comprehensive overview of all matters, due diligence, applicable precedent, substantial due process, procedural due process, imminent risk aid" and states "review attached 8-page complaint" and "I seek Emily Casillas for Legal Aid Counsel Representation. Seek highest level of administrative review." Id. at 3–6.

The Court has screened the petition pursuant to Habeas Rule 4. This preliminary review revealed defects in the petition that warrant dismissal. Accordingly, Petitioner is **ORDERED** to show cause why the petition should not be dismissed.

**II.**
**DISCUSSION**

A.   **THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM**

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011). It is not available for errors in the interpretation or application of state law. Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Here, Petitioner's claims are unclear. The Court cannot discern the scope of Petitioner's claims from his allegations. Although Petitioner appears to allege violations of his due process rights, it is unclear what the factual basis is for his claims. Petitioner references an 8-page complaint, but there are no attachments filed along with the Petition. Ultimately, the Court cannot determine

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:25-cv-10934-CBM-MAR**                                    Date:  April 21, 2026

Title:        ***Edward Macklin v. People of the State of California***

whether Petitioner alleges any constitutional claims or what the possible factual basis for those claims could be.[1]

**B.        PETITIONER'S CLAIMS MAY BE UNEXHAUSTED**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

Here, because Petitioner does not clearly identify the scope of his claims or the status of his conviction, the Court cannot determine whether any cognizable claims have been exhausted in state court.  For example, Petitioner indicates that he has not appealed the conviction or sought review by the California Supreme Court.  Dkt. 1 at 5.  To the extent one or more of the claims in the petition are unexhausted, Petitioner has not requested a stay.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.  The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the

---

[1] The Court notes that Petitioner has submitted several civil rights complaints that contained similar claims, all of which has been dismissed.  See Case No. 2:25-cv-00340-CBM-MAR (dismissed for lack of jurisdiction); Case No. 5:24-cv-00867-CBM-MAR (dismissed for lack of jurisdiction); 5:25-cv-00383-CBM-MAR (dismissed for failure to pay the filing fee).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    **2:25-cv-10934-CBM-MAR**                                    Date:  April 21, 2026

Title:    ***Edward Macklin v. People of the State of California***

unexhausted claim in state court.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court.  315 F.3d at 1070-71.  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King v. Ryan, 564 F.3d 1133, 1135.  A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.").  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  Id. at 1141 (internal citations omitted).

Because Petitioner has not explained his basis for the stay, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his amended petition.

Ultimately, the petition appears subject to dismissal because the Court lacks jurisdiction, state proceedings may be ongoing, and the petition may be unexhausted.  The Court will not recommend dismissal of the petition, however, without giving Petitioner an opportunity to explain or amend his petition.

///
///
///
///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   **2:25-cv-10934-CBM-MAR**                                      Date: April 21, 2026

Title:     ***Edward Macklin v. People of the State of California***

### III.
### ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by August 19, 2026**. This statement should provide more details about Petitioner's detention and address why the Petition should not be dismissed for the reasons discussed above.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for their failure to comply with the Court's orders and failure to prosecute.** See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

|                        |        |
|------------------------|--------|
|                        | :      |
| **Initials of Preparer** | ev     |