UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   *2:25-cv-10934-CBM-MAR*                                      Date:  June 22, 2026

Title   *Edward Macklin v. People of the State of California*

Present:  The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  DISMISSAL FOR LACK OF JURISDICTION**

On October 20, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2254 ("section 2254").  ECF Docket No. ("Dkt.") 1.  The Petition lacks sufficient facts to establish the Court's jurisdiction or a claim for relief.  On April 21, 2026, the Court issued an Order to Show Cause why the Petition should not be dismissed for lack of jurisdiction and exhaustion.  Dkt. 4.

On May 14, 2026, Petitioner filed an amended Petition.  Dkt. 5.  The amended Petition fails to remedy the deficiencies noted in the OSC.  Particularly, the amended Petition lacks any factual allegations supporting a claim for relief.  Rather, the Petition repeatedly asserts "Rights to due process, rights to reasonable accommodation, comprehensive overview of all matters, due diligence, applicable precedent, substantial due process, procedural due process, imminent risk aid" and "I seek Emily Casillas for legal aid counsel representation, Emily Casillas to challenge denials and discrimination."  Id. at 3–6.  For example, under supporting facts, Petitioner repeats the above, and adds "Review grant: executive proposed summary, complaint, summons, discrimination complaint, civil rights complaint" and "seek highest level of administrative review."  Id. at 3.  As an attachment, Petitioner attaches an apparent civil rights complaint and motion for appointment of counsel which appear to have been filed before the Superior Court.  See id. at 15–22.  Petitioner also attaches a civil rights complaint apparently filed before this District Court.  Id. at 23–28.

The Court previously ordered Petitioner to address why the Petition should not be dismissed for lack of jurisdiction and lack of exhaustion.  Dkt. 4.  While the amended Petition addresses exhaustion and appears to indicate that Petitioner has appealed his conviction to the "Ninth Circuit Court of Appeal, Superior Court-Appeal, Central District Court, U.S. Court of Appeals" and the California Supreme

---

CV-90 (03/15)                                    Civil Minutes – General                                    Page **1** of **2**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   *2:25-cv-10934-CBM-MAR*                                    Date:  June 22, 2026

Title     *Edward Macklin v. People of the State of California*

Court, the Petition fails to provide sufficient information for the Court to determine whether the Court has jurisdiction over the Petition.  Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  Here, the Court cannot determine the basis for Petitioner's repeated assertions regarding "rights to due process, rights to reasonable accommodation, comprehensive overview of all matters, due diligence, applicable precedent, substantial due process, procedural due process, imminent risk aid" and therefore the Court cannot determine whether the Court has jurisdiction to review the Petition.

Additionally, Habeas Rule 2 requires, among other things, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, and state the relief requested.  See Jennings v. Riverside, No. EDCV 20-971-ODW-KS, 2020 WL 2218768 (C.D. Cal. May 7, 2020).  Currently, the Petition does not comply with Habeas Rule 2.  See id. ("The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error.").

Accordingly, Petitioner is ordered to show cause in writing **within twenty-one (21) days** of this Order, **by July 13, 2026**, to respond to the Court's OSC.  Petitioner shall respond to the Court's OSC by (1) addressing this Court's jurisdiction over his claim, (2) explaining the factual basis for his claims, and, if possible, (3) providing the case numbers for his previous appeals.

**The Court warns Petitioner that failure to timely respond as directed in this Order will result in a recommendation to the District Court that the action be dismissed for lack of jurisdiction and/or failure to comply with Rule 2 and/or failure to prosecute.**

**IT IS SO ORDERED.**

                                                                                                                    :

**Initials of Preparer**                                          ev