JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDWARD MACKLIN,

Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

Respondent.

Case No. 2:25-cv-10934-CBM-MAR

MEMORANDUM AND ORDER DISMISSING THE ACTION

**I.**

**INTRODUCTION**

On October 20, 2025, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241"). ECF Docket No. ("Dkt.") 1. The Petition appears to allege a violation of due process. Dkt. 1 at 3–6. On April 21, 2026, the Court issued an Order to Show Cause Re: Why this Action Should Not be Dismissed for Lack of Jurisdiction ("OSC"). Dkt. 4. On May 14, June

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner. However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

5, and June 11, 2026, Petitioner filed what appear to be amended Petitions. Dkts. 6, 8, 11. As discussed below, the action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

## II.

## BACKGROUND

On March 12, 2022, Petitioner was charged with violations of (1) PC451(c)-F- Arson: Structure/Forest Land; (2) PC451.1(a)(2)-E- Enh: GBI: Emergency Personnel; (3) PC602(m)-M- Trespass On Private Property; (4) HS11377(a)-M- Possession Of Controlled Substance; and (5) HS11364(a)-M- Possess Of Drug Paraphernalia. People of the State of California vs Edward Junior Macklin, No. 22-CR-02144 (Superior Court of California, County of Santa Barbara). On October 12, 2022, Petitioner entered a plea of nolo contendere for the violation of PC451(c) and not guilty for the remaining claims. Id. Petitioner was sentenced for violation of PC451(c), and the remaining counts were dismissed or not filed. Id. Petitioner was sentenced to 268 days of confinement and probation ending October 26, 2024. Id. After Petitioner's release, he apparently violated his probation and was returned to custody. Id. On July 8, 2026, Petitioner was sentenced for his probation violation. Id.

On October 20, 2025, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241 ("section 2241"). Dkt. 1. Petitioner repeatedly asserts "rights to due process, rights to reasonable accommodation, comprehensive overview of all matters, due diligence, applicable precedent, substantial due process, procedural due process, imminent risk aid" and states "review attached 8-page complaint" and "I seek Emily Casillas for Legal Aid Counsel Representation. Seek highest level of administrative review." Id.

On April 21, 2026, the Court issued an Order to Show Cause Re: Why this Action Should Not be Dismissed for Lack of Jurisdiction ("OSC"). Dkt. 4. The Court noted that the Petition failed to allege any factual basis for Petitioner's claims

and did not include the referenced "complaint." Id. Because the Court could not determine the scope or basis of Petitioner's claim, the OSC indicated the Court appears to lack jurisdiction. Id. On May 14, June 5, and June 11, 2026, Petitioner filed what appear to be amended Petitions. Dkts. 6, 8, 11. The May 14, 2026, Petition is substantially similar to the original Petition, but under the "supporting facts" section Petitioner adds "review-grant: executive-proposed summary, complaint, summons, discrimination complaint, civil rights complaint." Dkt. 6. The June 5, 2026 Petition is also nearly identical to the original Petition. Dkt. 8. The June 11, 2026 Petition states that the first ground for the Petition is "Raise claim in a Bivens Action Section 1983" with supporting facts stating "sue for negligence, intentional infliction of emotional distress, mental and emotional injury, abuse of process, limited recovery, medical negligence." Dkt. 11 at 5. The second ground is "raise claim in a Equal Protection Claim" because "jail judicial administration is treating me differently because of my mental health." Id. Grounds three, four, and five again state, "Emily Elizaeth Casillas for Legal Aid Counsel Representation," "Review Grant Complaint," and "Review Grant Executive Proposed Summary." Id. at 6.

On June 22, 2022, the Court issued an Order to Show Cause Re: Why this Action Should Not be Dismissed for Lack of Jurisdiction ("OSC"). Dkt. 7. The Court once again noted that the scope of Petitioner's claims were unclear and further noted that the Petition failed to comply with Habeas Rule 2 because it did not specify the grounds for relief available and the facts supporting each ground. Id. at 2.

**III.**

**DISCUSSION**

## A. THE COURT LACKS JURISDICTION

### 1. Applicable law

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011). It is not available

for errors in the interpretation or application of state law. Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." Starr v. Baca, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2 imposes a "more demanding" pleading standard. Mayle v. Felix, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, inter alia, that a petition specify the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury. Habeas Rule 2(c). The Advisory Committee's Notes to Habeas Rule 2 state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on Habeas Rule 2(c); Advisory Committee's Note on Habeas Rule 4.

Although the Court must construe pro se pleadings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court may not supply essential elements of a claim that were not initially pled, Byrd v. Maricopa County Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011). Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts are insufficient to warrant relief and are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75–76 (1977)); see McKinney v. Rocha, No. CV 24-2295 JGB (KS), 2024 WL 2852229, at *3 (C.D. Cal. May 1, 2024), report and recommendation adopted, No. CV 24-02295 JGB (KS), 2024 WL 2852134 (C.D. Cal. June 4, 2024).

**2. Analysis**

Here, Petitioner's claims remain unclear. Although Petitioner appears to allege violations of his due process rights, it is unclear what the factual basis is for such claims and it is unclear what relief Petitioner seeks from this Court. He repeatedly

asserts claims such as "rights to due process, rights to reasonable accommodation, comprehensive overview of all matters, due diligence, applicable precedent, substantial due process, procedural due process, imminent risk aid" without supplying any facts to allow the Court to understand the basis for these claims. See, e.g., Dkt. 1 at 3. He also seeks "highest level of administrative review" without indicating the allegedly unconstitutional actions for which he seeks review. Id. While Petitioner refers to an additional complaint, the attached complaint contains no further facts or grounds for relief. See Dkt. 6 at 15. Finally, while Petitioner claims that "Jail Judicial Administration is treating me differently because of my mental health," Dkt. 11 at 5, he does not allege supporting facts or indicate how the alleged constitutional violation renders his conviction or sentence unlawful. Ultimately, the Court cannot discern the scope of Petitioner's claims from his allegations. Therefore, Petitioner has failed to establish that this Court has jurisdiction over the Petition. Lambert v. Blodgett, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("in…federal habeas corpus proceedings, it is the petitioner who bears the burden of proving his case.").

Furthermore, the Petition violates Habeas Rule 2. Petitioner fails to explain his cryptic grounds for relief or to allege facts that would support each ground. The Petitions fail to explain how the fact or duration of Petitioner's current custody violates the U.S. Constitution. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (noting that "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Even construed liberally, Petitioner's allegations are too vague and unclear to point to "a real possibility of constitutional error." See Advisory Committee's Note on Habeas Rule 4; see also Hendricks, 908 F.2d at 491.

Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

///

///

## IV.

## ORDER

**IT IS THEREFORE ORDERED THAT** the Petition is **DISMISSED** without prejudice.

Dated: August 12, 2026

HONORABLE CONSUELO B. MARSHALL
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge